[Civil No. 2205. Filed October 9, 1924.]

[229 Pac. 99.]

GEORGE W. P. HUNT, Governor of Arizona; JAMES H. KIRBY, Secretary of the State of Arizona; RICHARD H. RAMSEY, Auditor of the State of Arizona; JOHN W. MURPHY, Attorney General of the State of Arizona; WAYNE HUBBS, Treasurer of the State of Arizona, Constituting the State Land Department of the State of Arizona, and VERNON VAUGHN, State Land Commissioner of the State of Arizona, Appellants, v. E. A. SCHILLING, Appellee.

1. PUBLIC LANDS—STATE LAND DEPARTMENT MAY SET ASIDE FINDINGS OF LAND COMMISSIONER.—Under Laws (2d Sp. Sess.) 1915, chapter 5, sections 2, 3, state Land Department may review findings of state land commissioner and set them aside.

2. PUBLIC LANDS—STATE LAND DEPARTMENT JUDICIAL BODY OF LIMITED JURISDICTION.—In passing on questions of leasing of state lands, state Land Department is a judicial body of limited jurisdiction, governed by statute creating it.

3. PUBLIC LANDS—STATE LAND DEPARTMENT'S VACATION OF FORMER DECISION HELD INVALID.—Where state land commissioner awarded lease of state lands to one of two applicants, and state Land Department set aside such order and awarded lease to other applicant, such department's action in vacating its decision was unauthorized and invalid.

---

2. Conclusiveness of findings of Land Department, see notes in 20 **Am. Dec.** 273; **L. R. A.** 1918D, 597. See, also, 22 **R. C. L.** 306.

4. MANDAMUS—LIES TO COMPEL PUBLIC BOARDS TO PERFORM MINISTERIAL DUTIES CLEARLY ENJOINED UPON THEM.—*Mandamus* lies to compel public boards to exercise their discretion, and to perform ministerial duties clearly enjoined upon them by law as absolute and official.

5. MANDAMUS—LIES TO COMPEL STATE LAND COMMISSIONER TO ISSUE LEASE OF STATE LANDS.—Where final order of state Land Department set aside findings of state land commissioner and awarded lease of state lands to applicant, such applicant having a beneficial interest in the land, and no other remedy adequate, *mandamus* will lie to compel state land commissioner to issue lease to applicant, pursuant to Land Department's order.

6. PUBLIC LANDS—APPRAISAL OF IMPROVEMENTS ON STATE LANDS CONDITION SUBSEQUENT TO ISSUANCE OF LEASE.—Appraisal of improvements of state lands being, under Laws of 1921, chapter 79, a condition subsequent to issuance of new lease therefor, applicant for lease cannot be compelled to wait until appraisal of improvement or payment therefor, before lease will issue.

---

See (1) 32 **Cyc.**, p. 1098. (2) 32 **Cyc.**, p. 1098. (3) 32 **Cyc.**, p. 1089. (4) 26 **Cyc.**, p. 243. (5) 26 **Cyc.**, p. 244. (6) 32 **Cyc.**, p. 1098.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Affirmed.

For opinion on rehearing, see *post*, p. 235, 232 Pac. 554.

Mr. John W. Murphy, Attorney General, Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, and Messrs. Baker & Whitney, for Appellants.

Mr. John C. Gung'l and Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

LOCKWOOD, Superior Judge.—The facts pertinent to a decision of this case, as they appear of

---

4. *Mandamus* against public officers, see note in 98 **Am. St. Rep.** 863. See, also, 18 **R. C. L.** 193.

record, are as follows: On May 20, 1920, Mule Shoe Cattle Company made application to the state land commissioner for a renewal of a lease which it then held on the lands involved in the present controversy. On June 29, 1920, E. A. Schilling made an application for the lease of the same lands. On November 5, 1920, the land commissioner approved the application of the Mule Shoe Cattle Company, and on the same day Schilling appealed from the order of the land commissioner to the state Land Department. On January 20, 1921, the state Land Department held a hearing upon the matter of the conflicting applications, at which representatives of both parties were present and adduced testimony relative to their respective rights, and on April 3, 1921, the state Land Department reversed and annulled the order of the land commissioner granting the application of the Mule Shoe Cattle Company, and ordered the commissioner to reappraise the rental value of said land and lease the same to Schilling.

From this order, the Mule Shoe Cattle Company appealed to the superior court of Cochise county, which court, on the sixteenth day of September, 1921, dismissed the appeal on the ground of lack of jurisdiction.

On November 12, 1921, the Mule Shoe Cattle Company sued for a writ of *mandamus* to compel the land commissioner and the state Land Department to renew the lease to it in the superior court of Maricopa county, which case, after being heard in Maricopa county, and appealed to the Supreme Court, was reversed on the thirty-first day of January, 1923, and rehearing denied, March 16, 1923.

On April 3, 1923, the state Land Department, without notice to Schilling, entered an order setting aside its order dated April 3, 1921, and ordered the whole

matter resubmitted to the state land commissioner for hearing *de novo*. Whereupon Schilling sued out a writ of *mandamus* against the state land commissioner and state Land Department to cause the commissioner to reappraise the rental value of the land at issue, and to lease the same to him in accordance with the order of the state Land Department of April 3, 1921.

The case was heard in the superior court of Maricopa county, and judgment rendered in favor of appellee herein, commanding the state Land Department to reappraise the rental value of the lands and issue a lease to Schilling in accordance with said order of April 3, 1921.

The first, and to my mind the most important, question for consideration is the status of the matter in the Land Department. That it is still pending there is undisputed. Appellants contend that it is pending there under the order of the land commissioner of November 5, 1920, or under the order of the Land Department of April 3, 1923, while appellee claims it is under the order of April 3, 1921. Certainly, under the statutes, the decisions of our Supreme Court, and the long acquiesced in administrative practice, it does not rest under the decision of the state land commissioner of November 5, 1920. The Land Department has the right to review the findings of the commissioner, and to set them aside. Laws 2d Sess. 1915, c. 5, §§ 2, 3; *Campbell* v. *Caldwell*, 20 Ariz. 377, 181 Pac. 181.

But has the Land Department the right to vacate and set aside its own orders? In passing on questions of this kind, it is acting judicially, and is bound by the rules pertinent to other judicial bodies of like nature, and, since it is a judicial body of limited jurisdiction, such right is governed by the statute which created it. *Johnson* v. *Betts*, 21 Ariz.

365, 188 Pac. 271; *State* v. *Board,* 14 Ariz. 222, 127 Pac. 727; *Davis* v. *Campbell,* 24 Ariz. 77, 206 Pac. 1078.

No such power is given in the laws governing the Land Department. Therefore the order vacating the decision of April 3, 1921, was invalid, and the matter is still pending in the Land Department under said order. By the terms thereof, the land commissioner is instructed to reappraise the land in controversy, and to lease the same to appellee herein.

It is evident, therefore, that appellee is entitled to a lease of the land. The only question remaining is whether *mandamus* is the proper remedy for him to enforce such lease, in the event it is denied him.

Now, *mandamus* lies to compel public boards to exercise their discretion, and to perform ministerial duties which are clearly enjoined upon them by the law as absolute and official. Under the record and the laws as we have found them so far, there is a clear duty resting upon the land commissioner to reappraise the lands in question, and, when so reappraised, to lease them to appellee, and until such action is taken appellee has no plain, adequate, and speedy remedy. He desires, and is entitled to, a lease of the lands in question. Is there any other way, except by *mandamus,* by which he can secure it?

But it is contended that appellee has no beneficial interest in and to the subject matter, and appellants cite *Campbell* v. *Caldwell, supra,* in support thereof. In that case, however, appellant had gone no further than mere application to lease, while here there has been a final adjudication that the lease shall issue. Certainly appellee has a beneficial interest in the subject matter of the action.

The appraisement of the improvements is plainly, by statute, a condition subsequent to the new lease, and appellee cannot be compelled to wait until he has had the improvements appraised or has paid for the same before the lease issue. On the contrary, the lease must issue before there can be any appraisement or payment. Chapter 79, Session Laws 1921.

While we have not taken up the assignments of error one by one, yet the views set forth herein directly dispose of all of them. Holding, as we do, that the matter in question is before the state land commissioner under the order of the Land Department of April 3, 1921; that such order, unappealed from and disobeyed by the commissioner, is one in support of which *mandamus* lies; that E. A. Schilling is beneficially interested in the land; that he may invoke the remedy of *mandamus,* and that he has no other remedy which is adequate—it follows that the order of the superior court of Maricopa county, directing that the peremptory writ issue, was correct, and the judgment of said court is affirmed in all things.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN, having disqualified himself in this case, took no part in its decision.