[Civil No. 3694.   Filed October 5, 1936.]

[61 Pac. (2d) 395.]

B. B. MOEUR, JAMES H. KERBY, JOHN L. SUL-
LIVAN, MIT SIMMS, ANA FROHMILLER,
Constituting the State Land Department of the
State of Arizona, and CHARLES P. MULLEN,
State Land Commissioner, Appellants, v. ASH-
FORK LIVESTOCK COMPANY, a Corpora-
tion, Appellee.

Mr. John L. Sullivan, Attorney General, and Mr. Elmer C. Coker, Assistant Attorney General, for Appellants.

Mr. D. B. Morgan, for Appellee.

McALISTER, J.—This is an appeal by B. B. Moeur and four other state officers composing the state land department, and the state land commissioner, from a judgment making perpetual an alternative writ of *mandamus* issued against them directing that they cause to be issued to the Ashfork Livestock Company a lease on certain state lands, or show cause for their failure so to do.

The facts are undisputed and so far as material may be stated as follows: On March 14, 1934, the plaintiff, the Ashfork Livestock Company, filed in the office of the state land commissioner an application for a lease on lots 3, 4, 5, 6, 7 and 8, and the N. W.¼ S. E. ¼, section 6, township 19 north, range 3 West, Gila and Salt River meridian, and on March 19th, thereafter, one H. W. Fritsche filed an application for a lease on the same land. After fully considering the rights and equities of the respective parties the land commissioner rendered a decision on July

2, 1934, in which he awarded a lease on the lands to the petitioner. Being dissatisfied with this result, Fritsche decided to appeal therefrom to the state land department, and in attempting to do so served notice thereof on the state land commissioner on July 7th thereafter, but failed to notify the petitioner within twenty days from the date of the decision, as required by section 2966, Revised Code of 1928, or at any other time, that he was taking such action, and, due to his neglect in this respect, the land commissioner dismissed his purported appeal on April 29, 1935.

Notwithstanding this dismissal, however, a newly appointed land commissioner notified the petitioner on May 6, 1935, that a hearing on the appeal of Fritsche would be held by the land department on June 5, 1935, and on that date the petitioner appeared specially for the purpose of objecting to the jurisdiction of the department over the subject matter and moved that the appeal be dismissed for the reason that section 2966 had not been complied with in any manner. The state land department refused to grant this motion, however, and proceeded to hear the matter, the petitioner refusing to participate therein, and, on June 13th thereafter, reversed, annulled and set aside the action of the state land commissioner awarding the lease to the petitioner and entered an order directing him to execute and deliver a lease covering the said lands to H. W. Fritsche.

Believing that the action of the department in hearing the appeal under the circumstances was arbitrary and without authority of law, the petitioner filed in the superior court of Maricopa county on July 2, 1935, a petition for an alternative writ of *mandamus* commanding the defendants to cause to be

issued to it in accordance with the award of the commissioner on July 2, 1934, a lease on the state lands or show cause for his failure so to do, and it was ordered issued. He alleged in addition to the foregoing facts that because the said Fritsche failed to comply with the provisions of section 2966, *supra,* requiring service of the notice of appeal on the petitioner, the land department acquired no jurisdiction to hear the attempted appeal and that, in consequence, all the proceedings had before it in the matter were null and void and in no way affected the right of the petitioner to the issuance of a lease pursuant to the decision of July 2, 1934; that the petitioner is qualified in every particular to take a lease on the land described and hold it, but that the land department refuses to execute such lease or permit one to be executed or delivered to the petitioner; that the land commissioner likewise refuses so to do, though it is a legal duty specifically enjoined by law upon both the department and the commissioner to execute and deliver the lease to the petitioner who is the party beneficially interested therein and who has no other plain, speedy or adequate remedy at law.

The defendants demurred to the petition upon the ground that it appears upon its face that the cause of action was prematurely brought and that the court had no jurisdiction of the subject matter of the action. They followed this by moving to quash the alternative writ for the reason that it appears upon the face of the petition that the petitioner has an adequate remedy at law by way of appeal; that the land department had jurisdiction over the administration of the state lands on June 5, 1935; that the mere filing of an application for a lease does not make the petitioner a party beneficially interested; and that the provisions of section 2966, Revised Code of 1928,

prescribing the time for taking an appeal, do not apply to an appeal from the state land commissioner to the state land department.

The court overruled the demurrer, denied the motion to quash and, after defendants announced that they would stand on their demurrer and motion, granted the plaintiff's motion for judgment and ordered that the alternative writ of *mandamus* be made permanent. The defendants, being dissatisfied with this judgment, have brought it here for review.

The four assignments made by the defendants grow out of the disposition the court made of the demurrer and the motion to quash, and the order entered pursuant to these rulings, directing that the alternative writ of *mandamus* be made perpetual and final. Each assignment gives a separate and distinct reason why these rulings were erroneous. The first is that it appears upon the face of the petition that *mandamus* was not the proper action because the petitioner, under the provisions of section 2966, Revised Code of 1928, had a plain, speedy and adequate remedy at law by way of appeal from the decision of the land department made June 13, 1935, to the superior court of Yavapai county. This section is in the following language:

"§ 2966. Appeal by applicant; notice. An applicant to lease state land may appeal from a decision of the commissioner to the department, and from the department to the superior court of the county in which the land is situated. The party appealing shall give notice thereof in writing to the commissioner or department from whose decision the appeal is taken and to the adverse applicant, within twenty days from the rendition of the decision. Thereafter such proceedings shall be had in the superior court as on an appeal from an appraisement."

■■ It is clear from this language that an appeal does lie from the decision of the department to the superior court and due to this the defendants contend that, even though the department did erroneously assume jurisdiction of the attempted appeal from the decision of the commissioner, the petitioner's remedy, under section 2966, was to appeal from the decision of the department to the superior court of Yavapai county where the land was situated. This, they say, gave an adequate remedy and, hence, *mandamus* did not lie, and there can be no question but that an appeal to the court would have been the proper way of correcting any error in law the department might have made in its decision, provided that body had jurisdiction to entertain the matter, but the petitioner contends that this rule does not apply where the department acts without jurisdiction and that such was what it did in this instance. Its contention in this respect is based upon the fact that in attempting to appeal from the commissioner's decision of July 2, 1934, Fritsche served notice thereof on the commissioner on July 7th thereafter but failed to serve the petitioner, the adverse applicant, within twenty days from the rendition of the decision or at all. To perfect an appeal from the decision of the commissioner under section 2966 and thus clothe the department with power to review it, it is just as necessary that notice thereof be served on the adverse applicant, the petitioner in this instance, as it is that it be served on the commissioner, for under this section service on both is mandatory, the failure to serve either, the petitioner as much so as the commissioner, rendering wholly useless and futile service on the other. The result of this omission, therefore, was that the department had no jurisdiction to entertain the appeal, and, this being

true, the decision it purported to render was necessarily void and without effect, thus leaving the one made by the commissioner on July 2, 1934, binding and enforceable after twenty days from that date had expired without any sufficient appeal, being taken from it.

In this situation the question arises whether the petitioner, to obtain and enjoy the fruits of the decision in its favor, was required to appeal to the superior court from the void judgment of the department purporting to reverse that decision and have it set aside, or whether it could accomplish this purpose in some other appropriate proceeding. An appeal to the court under section 2966 from a void judgment would not have furnished a remedy that was adequate or that could even have been properly pursued, because it would have been the duty of the court in case of an appeal to it, to have gone into the matter *de novo,* that is, to hold "such proceedings . . . as on an appeal from an appraisement," and in doing this the rights the decision had established in the petitioner could have been ignored, notwithstanding they had become final and enforceable. Any remedy that would have rendered such action possible would have been neither adequate nor proper. A judgment rendered without jurisdiction is a nullity and the party against whom it is entered may ignore it and proceed as though no attempt had ever been made to render it.

The situation of the petitioner was this: The decision had given it the right to the issuance of a lease covering the lands in question and, since no appeal had been taken it had become final and the petitioner's benefits therein definitely and irrevocably established. But, notwithstanding this, the commissioner refused to issue the petitioner a lease to

the lands in accordance therewith and since to do so was "an act which the law specially imposes" on him "as a duty resulting from an [his] office" as land commissioner, a proceeding by *mandamus* was the proper remedy. Section 4396, Rev. Code 1928. The matter having been definitely determined and no appeal taken, there was nothing to be done to enable the petitioner to enjoy the benefits of the decision in its favor, except the ministerial duty of issuing it the lease, and when the land commissioner, upon whom the statute imposes this duty, refused, the matter was brought directly within the purview of a proceeding by *mandamus*. This particular question was decided in *Hunt* v. *Schilling*, 27 Ariz. 1, 229 Pac. 99, 100. In that case an appeal from a decision of the land department under date of April 3, 1921, reversing the holding of the land commissioner in favor of the Mule Shoe Cattle Company, was dismissed for want of jurisdiction. In April, 1923, however, the department set aside its decision of April 3, 1921, in favor of Schilling and ordered the whole matter resubmitted to the land commissioner for a hearing *de novo*. Thereupon Schilling sued out a writ of *mandamus* to compel the land commissioner to reappraise the rental value of the land and to issue him a lease in accordance with the department's decision of April 3, 1921, and the court granted the relief prayed for. This court affirmed that ruling and in its decision used this language:

"It is evident, therefore, that appellee is entitled to a lease of the land. The only question remaining is whether *mandamus* is the proper remedy for him to enforce such lease, in the event it is denied him.

"Now, *mandamus* lies to compel public boards to exercise their discretion, and to perform ministerial duties which are clearly enjoined upon them by the law as absolute and official. Under the record and

the laws as we have found them so far, there is a clear duty resting upon the land commissioner to re-appraise the lands in question, and, when so re-appraised, to lease them to appellee, and until such action is taken appellee has no plain, adequate, and speedy remedy. He desires, and is entitled to, a lease of the lands in question. Is there any other way, except by *mandamus,* by which he can secure it?''

The facts that the decision enforced by *mandamus* in that case was rendered by the land department following an appeal to it from the decision of the commissioner, and that the one in this case was made by the commissioner himself, do not, as the defendants contend, place the decisions on a different basis, because both were final, no sufficient appeal having been taken from either. The commissioner's decision, when not appealed from, is just as complete, binding and enforceable as the decision of the department under the same circumstances.

█ In the next assignment it is urged that the rulings of the court on the demurrer and motion to quash and in entering judgment were erroneous, because it does not appear on the face of the petition that the petitioner was the party beneficially interested and that since under section 4396, Revised Code of 1928, a writ of *mandamus* may be issued only on ''the verified complaint of the party beneficially interested,'' the petitioner could not proceed by the extraordinary remedy of *mandamus.* This contention is without merit, because it is clear from the verified petition itself and the allegations therein that the petitioner is the party in whose favor the decision of the commissioner approving its right to the lease on the land in question was made, and that the issuance of a lease thereon was the only act to be

performed before the petitioner was entitled to the possession and use of the land. If this did not make the petitioner a party beneficially interested, it is difficult to conceive of a situation that would show an interest of that character. In *Hunt* v. *Schilling, supra,* the court used the following language which is applicable to this situation:

"But it is contended that appellee has no beneficial interest in and to the subject-matter, and appellants cite *Campbell* v. *Caldwell* [20 Ariz. 377, 181 Pac. 181], *supra,* in support thereof. In that case, however, appellant had gone no further than mere application to lease, while here there has been a final adjudication that the lease shall issue. Certainly appellee has a beneficial interest in the subject-matter of the action."

In the third and fourth assignments it is contended that the ruling on the demurrer and the motion to quash, and in entering judgment were erroneous, first, because the court held that section 2966, Revised Code of 1928, repealed sections 3 and 4, chapter 166, Session Laws of 1919; and, second, because, the court was in error in construing this section as divesting the state land department of its supervisory control and jurisdiction over actions and decision of the state land commissioner in that the court held that the twenty day appeal provision for serving notice of appeal on the opposing party applies to an appeal from a decision of the commissioner to the department. Both of these propositions were discussed in *Moeur et al.* v. *Chiricahua Ranches Co., ante,* p. 226, 61 Pac. (2d) 163, recently decided, and it was there held that they are without merit. It is unnecessary to do more than call attention to the views expressed in that opinion.

The judgment of the superior court directing the land commissioner to issue the petitioner a lease covering the state lands in question is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.