664 P.2d 238

Robert AYALA, Plaintiff-Appellant,

v.

Jerry I. HILL, individually and in his official capacity as Maricopa County Sheriff; Maricopa County Law Enforcement Officers Merit System Commission and the members thereof, Daniel J. Donahoe, Ben R. Cornish, Robert Nairn, Patricia Fulks and Elva Olliver, individually and in their official capacities, Defendants-Appellees.

No. 1 CA–CIV 5923.

Court of Appeals of Arizona, Division 1, Department D.

May 24, 1983.

---

Napier & Jones, P.C. by Robert F. Clarke, Phoenix, for plaintiff-appellant.

Stephen D. Neely, Pima County Atty. by Mark R. Christensen and James M. Howard, Deputy Pima County Attys., Tucson, for Commission and Members.

Thomas E. Collins, Maricopa County Atty. by Phillip Messinger, Deputy Maricopa County Atty., Phoenix, for Jerry I. Hill.

OPINION

EUBANK, Judge.

This is an appeal from a denial of special action relief by the Maricopa County Superior Court, pursuant to rule 8, Rules of Procedure for Special Actions, 17A A.R.S. The sole issue on appeal is whether the Maricopa County Law Enforcement Officers Merit System Commission [hereafter the Commission or Council] may rehear and redecide a disciplinary action previously ruled upon by the Commission, absent statutory authority or an express rule permitting it to do so. ·

Appellant was employed as a Maricopa County Sheriff's Deputy in May of 1970. He served as an undercover narcotics officer and engaged in other strenuous field work until late 1975. At that time appellant suffered severe injuries in an automobile accident while engaged in his official duties. Upon recovering from his injuries, which appellees contend included brain damage, appellant was placed on "light duty" with the sheriff's department. Appellant eventually returned to the narcotics division, but was reassigned after receiving a disciplinary action and a suspension, following his arrest by the Chandler Police for disorderly conduct.

Appellant thereafter received unsatisfactory performance ratings in the areas of discipline, temperament, judgment and courtesy. He was also suspended for two days in June 1979 for unauthorized conduct. Appellant was assigned to a traffic control school at his request in September 1979. At the school, appellant scored poorly on exams, slept in class, and failed to attend a field training exercise. Due to this conduct, appellant was dismissed from the course and subsequently dismissed from his position at the sheriff's department.

Appellant appealed his dismissal to the Commission, pursuant to A.R.S. § 38–1003. Evidentiary hearings were held before a hearing officer in late 1979 and early 1980. The hearing officer ordered appellant reinstated under the following conditions:

(1) That he [appellant] be given a thirty (30) day suspension without pay effective October 10, 1979;

(2) That he receive back pay from November 10, 1979;

(3) That, commencing immediately, he be placed on a one-year probation during which he will receive appraisals quarterly;

(4) That he will seek and receive attitudinal counseling:

(5) That during such probationary period, he will receive all rights of a permanent status employee.

Pursuant to rule 11.14, Maricopa County Law Enforcement Officers Merit System Rules, appellees filed a motion with the Commission to reconsider the hearing officer's findings and conclusions. Rule 11.14 states in pertinent part:

Upon filing of the proposed findings and conclusions, the Commission may adopt them in their entirety, modify them, or may itself decide the case upon the record, including the transcript, with or without taking additional evidence, or

may refer the case to the same or another hearing officer to take additional evidence.

However, the Commission adopted the hearing officer's order in its entirety on March 13, 1980.

Immediately prior to the rendering of the Commission's decision, appellees were made aware of a recent psychological evaluation made of appellant which allegedly stated that he suffered from "paranoid schizophrenia" as a result of his previous job related injuries. This information was not brought to the Commission's attention until after it rendered its March 13, 1980 order. Twenty-one days later, on April 3, 1980, appellees filed a motion for rehearing with the Commission, requesting the Commission to vacate its order, require appellant to deliver the alleged report to the appellees and to undergo additional psychological testing as a condition of reinstatement.

The Commission granted appellees' motion on April 17, 1980, and vacated its March 13th order. It further ordered a rehearing in the matter for the limited purpose of obtaining the psychologist's report or its equivalent. Appellant, thereafter, filed a special action in the Maricopa County Superior Court requesting that the court order the Commission to reinstate its earlier order reinstating appellant. Motions for summary judgment were filed by the parties which were denied in the court's written judgment. However, the court then held that "[t]he commission has not exceeded its jurisdiction, nor acted in an arbitrary or capricious manner" in vacating its order of March 13, 1980. The court thereupon dismissed appellant's action and this appeal followed.

▪ The judgment indicates that the superior court accepted jurisdiction in the special action and dismissed appellant's complaint on the merits of the claim. Thus, our review extends to the merits of the claim and not merely to the question of whether the judge abused his discretion in dismissing the appeal. *See Bilagody v. Thorneycroft,* 125 Ariz. 88, 92, 607 P.2d 965, 969 (App.1979); § 7.3 *Arizona Appellate Handbook.* Applying this standard to the instant case, we note that the trial judge expressly approved of the Commission's decision to vacate its order of March 13, 1980. Since the court's finding was one of law, this court is not bound by that finding and is free to draw its own legal conclusions from the evidence presented. *Tovrea Land and Cattle Company v. Linsenmeyer,* 100 Ariz. 107, 412 P.2d 47 (1966); *Walsh v. Eberlein,* 114 Ariz. 342, 560 P.2d 1249 (App. 1976); *Watzek v. Walker,* 14 Ariz.App. 545, 485 P.2d 3 (1971).

Appellant contends that the Commission lacks jurisdiction to rehear a case in which it has issued a "final order," since neither the relevant enabling statutes nor the Commission's promulgated rules provide for such rehearing. Appellees argue, conversely, that the power to redecide is inherent in the administrative agency's initial power to decide the issue. We disagree with appellees.

▪ The general rule in Arizona has long been that the powers and duties of an administrative agency are to be measured by the statute creating them. *Kendall v. Malcolm,* 98 Ariz. 329, 334, 404 P.2d 414, 417 (1965); *Fleming v. Pima County,* 125 Ariz. 523, 611 P.2d 110 (App.1980); *Cox v. Pima County Law Enforcement Merit System Council,* 27 Ariz.App. 494, 556 P.2d 342 (1976). Thus, "administrative officers and agencies have no common law or inherent powers." 98 Ariz. at 334, 404 P.2d at 417. *See Commercial Life Insurance Company v. Wright,* 64 Ariz. 129, 166 P.2d 943 (1946); *Hunt v. Schilling,* 27 Ariz. 1, 229 P. 99 (1924); *Johnson v. Betts,* 21 Ariz. 365, 188 P. 271 (1920); *State v. Board of Supervisors,* 14 Ariz. 222, 127 P. 727 (1912). These principles were illustrated in a pair of early Arizona cases involving rehearing of administrative decisions.

In *Hunt v. Schilling, supra,* Mule Shoe Cattle Company and E.A. Schilling each sought to obtain a lease from the State Land Commissioner for certain state owned land. The commission awarded the lease to Mule Shoe, and Schilling appealed to the

State Land Department. After holding a hearing on the matter, the Land Department reversed the commissioner's award, and ordered the Commission to reappraise the rental value of the land and then lease it to Schilling. After several unsuccessful appeals by Mule Shoe, the Land Department, absent a judicial order, vacated its earlier decision and ordered the case to be resubmitted to the commissioner for hearing *de novo.* In rejecting the Land Department's attempt to reconsider its decision, our supreme court stated:

> But has the Land Department the right to vacate and set aside its own orders? In passing on questions of this kind, it is acting judicially, and is bound by the rules pertinent to other judicial bodies of like nature, and, since it is a judicial body of limited jurisdiction, such right is governed by the statute which created it. [citations omitted]
>
> No such power is given in the laws governing the Land Department. Therefore the order vacating the decision of April 3, 1921, was invalid, and the matter is still pending in the Land Department under said order. By the terms thereof, the land commissioner is instructed to reappraise the land in controversy, and to lease the same to appellee herein.

27 Ariz. at 4–5, 229 P. at 100.

These same principles were embodied in the earlier supreme court decision of *State v. Board of Supervisors, supra,* which addressed the power of a county board of supervisors to reassess an earlier tax assessment. The court there held that:

> Boards of equalization are *quasi* judicial bodies, but inferior in their nature, and, in the exercise of the powers granted them by law, they must scrupulously limit their acts to doing those things that the law directly empowers them to do. They may not revoke, set aside, modify, or annul an order or decision of their own

without the law grants [sic] them that right.

14 Ariz. at 228, 127 P. at 730.

Appellees contend that the general rule in Arizona is not so narrowly construed as to limit the type of review conducted in the instant case. For this proposition, they cite several Arizona cases which involved appeals from awards of the Industrial Commission. The primary case cited is *Wammack v. Industrial Commission,* 83 Ariz. 321, 320 P.2d 950 (1958). In *Wammack* the supreme court stated that "[t]he question ... arises whether the Commission has jurisdiction to further reconsider its decisions. As to this, the answer must be affirmative. The power to reconsider is inherent in the power to decide." *Id.* at 327, 320 P.2d at 954.

The "inherent power" language of *Wammack* is not as sweeping a principle of law as appellees would have this court believe. In *Wammack,* the rehearing issue arose when the petitioner made a motion to the Industrial Commission for a second rehearing of his award. The Industrial Commission was statutorily vested with the power to rehear its decisions under former A.R.S. § 23–951(A).[1] The statute, however, did not expressly grant to the Commission the power to rehear an award a second time. Our supreme court held that the original power to vacate an award on rehearing extended the power to rehear to any subsequent rehearings. Thus, the "inherent power" to reconsider an award is derived from the statute granting the original power to rehear, and not from broader inherent powers vested in the agency. *See also Ross v. Industrial Commission,* 82 Ariz. 9, 307 P.2d 612 (1957); *Brooks v. Industrial Commission,* 24 Ariz.App. 395, 539 P.2d 199 (1975).

■ Turning to the instant case, we find that the statutes creating the County and Municipal Law Enforcement Merit System Commissions are devoid of any language authorizing a commission to reconsider a

1. This power currently exists under A.R.S. § 23–943. A similar power to rehear decisions has also been granted by the legislature to state administrative agencies under A.R.S. § 41–1010(B).

final decision. *See* A.R.S. § 38–1001 *et seq.* On the other hand, the statutes do specifically provide for the finality of a Commission decision and the specific procedure for an appeal. Section 38–1003 states in part:

> The council, pursuant to recognized merit system principles of public employment, shall from time to time:
>
> \* \* \* \* \* \*
>
> 6. Hear and review appeals from any order of the department head in connection with suspension, demotion, or dismissal of a classified law enforcement officer. *The council's determination thereon shall be final except on appeal as provided in § 38–1004.* (emphasis added).

Section 38–1004 provides in part:

> B. A department head shall have the right to have all council policies and decisions reviewed upon writ of certiorari in the superior court of the county in which the law enforcement officer resides and legal counsel for the department head shall be provided by the county or city attorney in whose jurisdiction the department lies.

Clearly, these statutes provide for the finality of the Council's decision and grants the losing department head a right to appeal a decision of the Commission if desired; but the statutes do not address a rehearing. On the basis of these statutes, and the specific authority of A.R.S. § 38–1003, the Commission adopted Rule 11.17, Maricopa County Law Enforcement Officers Merit System Rules, which states in part: "The findings and decisions of the Commission shall be final and shall be subject only to administrative review as provided in Title 12, Chapter 7, Article 6 [A.R.S. § 12–901 *et seq.*]." There is no provision for rehearing in the rules.

The Commission has the authority to adopt a rule which could set forth the necessary provisions for rehearing. This authority is granted by A.R.S. § 38–1003(5), which provides that the Commission shall "[a]dopt such rules and regulations as may be necessary for the orderly administration of the provisions of this title." A properly promulgated rule, permitted by § 38–1003(5), would have authorized the Commission's rehearing action. However, since the Commission has failed to enact a rehearing rule, it is our opinion that the Commission's action vacating the reinstatement order was in excess of its statutory authority.

Additionally, the Commission's rules provide for an appeal under the provisions of A.R.S. § 12–901 *et seq.* Rule 11.17, Maricopa County Law Enforcement Officers Merit System Rules. Had the Commission sought a timely appeal as provided for under its own rules and under the statutes, the evidence concerning appellant's alleged psychological condition could possibly have been admitted on appeal "where in the discretion of the court justice demands the admission of such evidence." A.R.S. § 12–910(A). We adhere to the general rule favoring the promulgation of rules which give notice to those affected by regulation and reject appellees' attempt to act outside of the statutory and rule making authority vested in the Commission.

■ Finally, the motion for reconsideration introduced a new charge or a new basis justifying the termination of appellant. It had nothing to do with the basis outlined in the October 10, 1979, termination letter. Indeed, the motion contains alleged evidence against appellant justifying his retirement, discharge, or medical assistance, which was discovered *after* the Commission had ruled. Appellant had no notice of this basis of termination; thus Rule 10.3, Maricopa County Law Enforcement Officers Merit System Rules provisions for notice were not complied with by appellees. There is no question that the alleged evidence, if true, must be acted on; however, it constitutes an independent basis for official action within the merit system rules. It should not have been raised by a motion for reconsideration after the Commission's final decision.

The judgment of the superior court is reversed. The Commission's order of April 17, 1980, is vacated, and its order of March 13, 1980, is reinstated.

HAIRE, P.J., and MEYERSON, J., concur.