20 P.3d 605

Lawrence Lee KIMBLE,
Plaintiff–Appellee,

v.

CITY OF PAGE, a municipal
corporation, Defendant–
Appellant.

No. 1 CA–CV 00–0389.

Court of Appeals of Arizona,
Division 1, Department A.

April 3, 2001.

Reconsideration Denied April 27, 2001.

Kirkpatrick Law Office P.C. by James M. McGee, Flagstaff, Attorneys for Plaintiff–Appellee.

Charles W. Stoddard III, City Attorney by Mary Deiss Brown, Assistant City Attorney, Page, Attorneys for Defendant–Appellant.

## OPINION

GERBER, Judge.

¶ 1 The City of Page (the "City") appeals from the superior court's grant of special action relief to an employee of the City, ordering that he be reinstated by the City Manager to his former position. We must determine whether that court correctly interpreted the City's Personnel Rules in light of Arizona Revised Statutes Annotated ("A.R.S.") section 9–303(B)(1996) and the City's ordinance creating the office of City Manager. We affirm one portion of the superior court's ruling and in all other respects reverse its grant of relief to the employee.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Appellee Larry Kimble, an employee of the City, held the position of Assistant Fire Chief of Emergency Medical Services/Fire Suppression. On January 17, 2000, Kimble's immediate supervisor, Fire Chief Thomas Van Meenan, transferred him involuntarily to a newly created, non-supervisory position of Assistant Fire Chief for Fire Prevention. The transfer was made pursuant to Rule 13.1 of the City's Personnel Rules that provides that employees may be "voluntarily or involuntarily transferred from one position to another" provided the transfer serves "the best interest of the City and/or for the betterment of the employee."

¶ 3 Unhappy with his transfer, Kimble initiated grievance procedures under the Personnel Rules. At the first level of the grievance procedures, Fire Chief Van Meenan reconfirmed his decision to transfer Kimble. Upon Kimble's appeal to the City Manager's Office, City Manager William Robinson also issued a decision supporting Kimble's transfer.

¶ 4 At the next level in the grievance procedure, an informal hearing was held before a hearing officer who ordered reinstatement of Kimble because his transfer was not in the best interests either of Kimble or the City under Personnel Rule 13.1. City Manager Robinson refused to reinstate Kimble to his former position and filed an appeal of the hearing officer's decision to the City's Personnel Board.

¶ 5 Kimble then filed a complaint and request for temporary restraining order in the Superior Court of Coconino County, where he sought a ruling that the City Manager was not authorized to appeal the hearing officer's decision to the Personnel Board, but, instead, had to return Kimble to his former position pursuant to the hearing officer's decision.

¶ 6 The trial court treated Kimble's complaint as a petition for special action, found that it had jurisdiction to consider the petition, and granted relief to Kimble, ordering as follows:

A hearing before the Personnel Board is outside of and in contravention of the clear rules established by the City of Page for Appeals.

Based on a clear meaning of the rules established by the City of Page, the findings of the Hearing Officer must be implemented by the City Manager forthwith. The fact that such rules are by resolution and not ordinance, do not invalidate them as to this Plaintiff.

***IT IS ORDERED that the City of Page, and it's [sic] Manager, shall comply with the findings of the Hearing Officer forthwith.***

(Emphasis in original.)

¶ 7 The City now appeals to this court, asking us to reverse the superior court's order granting relief to Kimble.

## STANDARD OF REVIEW

¶ 8 When a special action initiated in superior court is appealed to this court, we conduct a bifurcated review to consider, first, the superior court's acceptance or refusal of jurisdiction and, second, its decision on the merits. *Bilagody v. Thorneycroft,* 125 Ariz. 88, 92, 607 P.2d 965, 969 (App.1979). The superior court treated Kimble's complaint and request for restraining order as a petition for special action and accepted jurisdiction. Neither party contends that it abused

its discretion in doing so. A special action is appropriate on the question whether the City Manager failed to perform a duty required by law or acted without legal authority. *See* Rule 3, R.P. Spec. Act.

¶ 9 We review the trial court's decision on the merits. This court may draw its own legal conclusions and is not bound by those of the trial court. *Ayala v. Hill*, 136 Ariz. 88, 90, 664 P.2d 238, 240 (App.1983).

## DISCUSSION

¶ 10 The City, which is not based upon a charter form of government, is incorporated as a common council government pursuant to Title 9 of the Arizona Revised Statutes Annotated. A.R.S. section 9–303(A) allows such cities to create the office of City Manager, and subsection (B) provides that "[t]he city or town manager shall have and exercise the powers and perform the duties relating to the affairs of the city or town *as shall be specified by the ordinance creating the office of city or town manager.*" (Emphasis added.)

¶ 11 As authorized by A.R.S. section 9–303, the City created the office of City Manager pursuant to provisions of an ordinance contained in Article 3–2 of the City Code at Section 3–2–1. Among the enumerated powers and duties bestowed on the City Manager pursuant to subsection (E)(1) is the following:

> [The City Manager shall] [a]ppoint and, when necessary for the good of the service, suspend or remove all officers and employees of the City not appointed by the Council. He may authorize the head of a department or office to appoint, suspend or remove subordinates in such department or office.

¶ 12 The City also chose to adopt a merit system for its employees pursuant to Section 3–3–1 in Article 3–3 of its Code. Section 3–3–3 within Article 3–3 provides that "[t]he Council may adopt by resolution rules and regulations to give effect to this article, which may be modified or changed from time to time, but such rules and regulations shall follow the generally accepted principles of good personnel administration." Accordingly, the City Council adopted Personnel Rules.

¶ 13 Relevant to this appeal is the interpretation of certain portions of "Rule 17—Rules of Appeal to Personnel Board." The trial court considered whether the hearing officer's decision bound the City Manager and, if so, whether the City Manager had any right to appeal to the Personnel Board. The key portions of Rule 17 provide:

> SECTION 17.2.C—*"FINDINGS AND IMPLEMENTATIONS"*; The findings of the hearing officer shall be forwarded to the City Manager for implementation within sixty (60) days.

> SECTION 17.3—*"APPEAL TO PERSONNEL BOARD"*; Any regular full-time or regular part-time employee aggrieved by the decision of the hearing officer may appeal to the Personnel Board.

¶ 14 The trial court determined that the hearing officer's findings bound the City Manager, who must implement them. The trial court also concluded that Section 17.3 of the Rule, providing for appeal to the Personnel Board, did not authorize appeal by the City Manager if he disagreed with the hearing officer's determination. Section 17.3 states only that the "employee" aggrieved by the decision of the hearing officer may appeal.

¶ 15 We agree with the trial court's determination that Rule 17 of the Personnel Rules bestows no appeal rights on the City Manager. Section 17.3 establishes appeal rights solely for the benefit of an "employee" who has completed the Rule 16 grievance procedures and is dissatisfied with the final decision. The dissatisfied employee is allowed to appeal to the hearing officer and then to the Personnel Board. The City makes no argument to the contrary.

¶ 16 Whether the hearing officer's decision binds the City Manager poses a more difficult question. The trial court appears to have reached its conclusion by reading the Rule to impose a mandatory duty on the City Manager to implement the hearing officer's findings. But the trial court apparently did not give regard to A.R.S. section 9–303(B) and Section 3–2–1(E)(1) of the City Code

enumerating powers and duties of the City Manager.

¶ 17 Section 9–303(B) directs that the duties of the City Manager are specified by the ordinance creating that office and implicitly provides that any change to the duties of the City Manager occur via amendment to the ordinance that created the office. Section 3–2–1(E)(1) of the City Code gives the City Manager the power to "[a]ppoint … suspend or remove all officers and employees of the City not appointed by the Council." The City has not amended that section to diminish the City Manager's powers and duties in employment matters.

¶ 18 If the decisions of the hearing officer or the Personnel Board [1] bind the City Manager, the City would have diminished the powers of its Manager through its Council's adoption of the Personnel Rules by resolution, a method not authorized by A.R.S. section 9–303(B) to limit the Manager's powers. A municipal corporation exercises law-making authority only to the extent delegated by statute. *See Ames v. Smoot*, 98 A.D.2d 216, 471 N.Y.S.2d 128, 130 (1983). If the controlling law directs the legislative body to do a particular duty in a certain manner, the duty must be done in that manner. *Inlet Associates v. Assateague House Condominium Assoc.*, 313 Md. 413, 545 A.2d 1296, 1303 (1988).

¶ 19 The same principles of construction that apply to statutes also apply to administrative rules and regulations. *Marlar v. State*, 136 Ariz. 404, 410, 666 P.2d 504, 510 (App.1983). Administrative rules need to be interpreted to yield a fair and sensible meaning. *Ford v. State*, 194 Ariz. 197, 199, ¶ 7, 979 P.2d 10, 12 (App.1999) (holding that a statute should be interpreted to give it a fair and sensible meaning). Courts should generally avoid interpretations of rules that make them invalid. *Frye v. South Phoenix Volunteer Fire Co.*, 71 Ariz. 163, 168, 224 P.2d 651, 654 (1950). If possible, the City's Personnel Rules should be harmonized with conflicting provisions of its Code, specifically Section 3–2–1(E)(1). The Rules and Code can only be harmonized if Rule 17 makes the findings of the hearing officer and Personnel Board advisory rather than binding on the City Manager.

¶ 20 The Arizona Supreme Court has reached the same conclusion under similar circumstances in cases involving charter cities where the charters gave certain powers to city managers whose cities then delegated some of those powers to a civil service commission or personnel board through an ordinance rather than by amendment of the charter. *See Kendall v. Malcolm*, 98 Ariz. 329, 404 P.2d 414 (1965); *Paddock v. Brisbois*, 35 Ariz. 214, 276 P. 325 (1929). As explained by the court in *Paddock*:

> The mere authorization to set up a civil service for its officers and employees does not by implication empower the city law-making body to override the charter or to transfer the powers vested in its managing officer to the Civil Service Commission. The commission to be constituted must be one whose powers and duties harmonize with those vested by the charter in the city manager.
>
> * * *
>
> The merit system, however much it may appeal to us, or however desirable for our municipalities, can be secured only in the manner and by the means appointed in the law. The Civil Service Commission as now established cannot compel the city manager to keep or reinstate appellees. Its investigations, reports and decisions in the matter of dismissals are only advisory, and in aid of a proper, equitable and just exercise of that power by the city manager. He may follow or disregard the commission's findings, just as he chooses. If it is desirable that the commission's decisions be binding on the city manager, the qualified electors can accomplish that result by amending the charter as heretofore indicated.

35 Ariz. at 222–25, 276 P. at 328–29.

¶ 21 Similarly, if the City Council chooses to make the hearing officer's or Personnel

---

1. If an employee has appealed to the Personnel Board and the Board has issued its findings, section 17.4 of the Rule also provides that "[t]he findings of the Personnel Board shall be forwarded to the City Manager for implementation within sixty (60) days."

Board's decisions binding on the City Manager, thus diminishing the Manager's powers in employment matters, it can do so only by amending its Code as authorized by A.R.S. section 9–303(B). Here, the City Council improperly amended the duties of its Manager through adoption of Rules rather than through amendment of the ordinance creating the office and its duties. Therefore, the hearing officer's decisions cannot be binding on the City Manager but are merely advisory.

¶ 22 We acknowledge that this conclusion creates an absurdity because the hearing officer hears the case only after the City Manager's decision. Although the hearing officer serves as an appellate officer, his decision is necessarily only advisory because the City Council failed to properly amend the specified duties of its Manager. If the City wishes to correct this defect, it must do so through amendment of the City Code.

## CONCLUSION

¶ 23 We affirm the trial court's determination that Rule 17 does not authorize appeal by the City Manager to the Personnel Board. We reverse its decision that the hearing officer's findings bound the City Manager. Under Rule 17, findings of the hearing officer, and of the Personnel Board if further appeal is taken by an employee, are merely advisory. The trial court erred in ordering the City Manager to implement the findings of the hearing officer by reinstating Kimble.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and MICHAEL D. RYAN, Judge.