27 Ariz. App. 494 (1976)
556 P.2d 342
William Coy COX, Sheriff of Pima County, Appellant,
v.
PIMA COUNTY LAW ENFORCEMENT MERIT SYSTEM COUNCIL et al., Robert A. SCHAEFFER, Real Party in Interest, Appellees.
No. 2 CA-CIV 2128.
Court of Appeals of Arizona, Division 2.
October 28, 1976.
*495 David G. Dingeldine, Pima County Atty. by Albin R. Krietz, Deputy County Atty., Tucson, for appellant.
Bolding, Oseran & Zavala by Michael O. Zavala, Tucson, for real party in interest.
OPINION
HOWARD, Chief Judge.
Appellant filed a special action in the Pima County Superior Court alleging that the Pima County Law Enforcement Merit System Council, hereinafter referred to as the Merit Council, exceeded its jurisdiction in ordering the promotion of Robert Schaeffer to the rank of sergeant with back pay. The superior court denied relief and ordered appellant to comply with the Merit Council order.
The essence of Robert Schaeffer's complaint to the Merit Council was that the Sheriff was discriminating against him since the Sheriff had consistently refused to promote him to sergeant even though he had constantly appeared on the promotion list prepared by the Merit Council.[1]
We are concerned here only with the powers of the Merit Council. The rule in Arizona is that an administrative officer and agencies have no common law or inherent powers. The powers and duties of an administrative agency are to be measured by the statute creating them. Kendall v. Malcolm, 98 Ariz. 329, 404 P.2d 414 (1965). The powers and duties of the Merit Council relative to promotion are found in A.R.S. Sec. 38-1003(4) which gives the Council the power to:
"Provide a plan for promotion of law enforcement officers which shall give appropriate consideration to qualifications, record of performance, seniority and conduct within the field of law enforcement. Vacancies within a department shall be filled whenever possible by promotion within a department, and shall be on a basis of competitive examination. Whenever a vacancy occurs within a department the council shall upon request certify to the head of the department the names of five officers in the order of their relative excellence in the competitive examination from which certified list the appointment or promotion may be made." (Emphasis added)
We thus see that as far as promotion is concerned the only specific statutory authority is the power to provide a plan.
The Merit Council does have the power to hear and review appeals. However, this *496 power is carefully limited since the Merit Council can only hear and review appeals from an order of the department head in connection with suspension, demotion or dismissal of a classified law enforcement officer. A.R.S. Sec. 38-1003(6).
It therefore appears that not only did the Merit Council not have the authority to order the promotion of Mr. Schaeffer but it did not even have the authority to hear and review an appeal from the failure of the Sheriff to promote him. To hold otherwise would be to create in the Merit Council the power to promote, a power not given to it by statute. As far as promotions are concerned, the function of the Council is clear. It provides the head of the department with the names of five officers it certifies to be qualified for promotion. The Sheriff can only promote one or more of the persons on the list submitted to him; however, he is not compelled to promote any particular one.
The judgment is reversed and the trial court is ordered to enter a judgment in favor of appellant and against appellees annulling the order of the Merit Council.
KRUCKER and HATHAWAY, JJ., concur.
NOTES
[1] There is no suggestion that the discrimination was based upon race, creed, religion or sex.