611 P.2d 110
Forrest C. FLEMING,
Plaintiff/Appellant,

v.

PIMA COUNTY, Arizona, a body politic and corporate; Pima County Board of Supervisors and its members; Bud Walker, Conrad Joyner, Sam Lena, Katie Dusenberry, and David Yetman; Pima County Merit System Commission and its members, Kermit Oestrich, Pat Lopez, Betty Milburn, William McCollum, and Felix Goodwin; Sandy Bowling, an employee of Pima County; Gary Ogg, Pima County Personnel Director; and Harold Hauberg, Deputy Pima County Personnel Director, Defendants/Appellees.

No. 2 CA–CIV 3457.

Court of Appeals of Arizona, Division 2.

March 17, 1980.

Rehearing Denied April 16, 1980.

Review Denied May 6, 1980.

---

2. This statute provides that after dissolution the corporation can sue or be sued in its corporate name.

Watt & Cohen by Melvin C. Cohen, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by John C. Gabroy and Paula G. Davidon, Deputy County Attys., Tucson, for appellees.

OPINION

RICHMOND, Judge.

Forrest C. Fleming appeals from a judgment dismissing his complaint for judicial review of a decision by the Pima County Merit System Commission. The trial court concluded that the commission lacked subject matter jurisdiction in the first instance. We agree that the question of an improper layoff is outside the province of the commission and affirm.

In a letter dated June 17, 1977, Fleming was informed by Sandy Bowling, deputy director of the Pima County Automotive Services Department, that his position as auto service worker supervisor had been eliminated by the county board of supervisors for the 1977–1978 budget year and he would be laid off July 1. Ten days later Fleming filed a grievance against Bowling with the coordinator of the county office of human resources and compliance, charging harassment and racial discrimination. Although he did not appeal to the merit system commission until February 2, 1978, when he was no longer employed by Pima County, the commission granted him a hearing because of what it concluded was an ambiguity in the merit system rules. At the conclusion of the hearing the commission dismissed the appeal and Fleming sought review in superior court pursuant to A.R.S. § 11-356.

The powers and duties of an administrative agency are to be measured by the statute creating them. *Kendall v. Malcolm*, 98 Ariz. 392, 404 P.2d 414 (1965). Under A.R.S. § 11-356, a county merit system commission is empowered to hear appeals from an order of dismissal, suspension, or reduction in rank or compensation. A layoff resulting from the abolition of an employee's job fits none of those categories and thus is outside the commission's scope of review. *See Donaldson v. Sisk*, 57 Ariz. 318, 113 P.2d 860 (1941).

Fleming contends he was laid off in bad faith and that the elimination of his position from the budget was an attempt to circumvent the merit system in dismissing him. Those charges raise issues outside the merit system, which provides only for review of the actions expressly enumerated in § 11-356 and the reasons specifically stated therefor as required by the statute.

Fleming is not left without a remedy, *see Donaldson v. Sisk*, supra, and the record suggests that he has sought alternative relief. The trial court's judgment refers to the pendency of a special action filed by Fleming, and states that any relief to which he may be entitled lies therein.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.