650 P.2d 429

**FRATERNAL ORDER OF POLICE LODGE 2, an Arizona non-profit corporation, Plaintiff-Appellee,**

v.

**The PHOENIX EMPLOYEE RELATIONS BOARD, William H. Gooding, Carl A. Lind and Raymond Wells, individually and as members of the Phoenix Employee Relations Board, Defendants-Appellants,**

**and**

**The Phoenix Law Enforcement Association as, Intervenor.**

**No. 15698–PR.**

Supreme Court of Arizona, In Banc.

June 24, 1982.

Rehearing Denied Sept. 14, 1982.

McGroder, Pearlstein, Peppler & Tryon, P.C. by Thomas A. Peppler, Phoenix, for plaintiff-appellee.

Whitten & Brown, Ltd. by Robert C. Whitten and William R. Brown, Phoenix, for defendants-appellants.

Napier & Jones, P. C. by Michael Napier and Robert F. Clarke, Phoenix, for intervenor.

GORDON, Vice Chief Justice:

We previously held in this case that one issue presented by the parties should not have been dismissed on appeal as moot. *Fraternal Order of Police Lodge 2 v. The Phoenix Employee Relations Board,* 133 Ariz. 126, 650 P.2d 428 (1982). We retained jurisdiction pursuant to Ariz.Const. Art. 6, § 5(3) and Ariz.R.Civ.App.P. 19(e) to consider whether § 2.21 of the Rules and Regulations of the Phoenix Employee Relations Board [PERB] is valid. The trial court held by minute entry dated January 31, 1979 that the rule is void, and we affirm.

The City of Phoenix has adopted a "meet and confer" ordinance, one of the purposes of which is to:

> "promote the improvement of employer-employee relations by providing a uniform basis for recognizing the right of public employees to join, or refrain from joining, organizations of their own choice and be represented by such organizations in their employer-employee relations and dealings with the City in accordance with the provisions of this ordinance."

Phoenix, Arizona, Code § 2–209(4) (adopted 1975). Sections 2–210 et seq. of the Code provide the structure to implement the purposes of § 2–209.

The PERB was created by Code § 2–211 and was given the task of administering the plan. One of the PERB's duties is to conduct elections for authorized representa-

tives for units[1] of employees. Code § 2–217. Paragraphs (C) and (D) of § 2–217 state that the PERB need not conduct an election to determine the authorized representative of an employee unit or consider certification of such a representative[2] if a valid election or certification for that unit has occurred in the last twelve months. This is known as the "election bar" rule.

Code § 2–217(F) empowers the PERB to "promulgate such rules and regulations as may be appropriate to carry out the provisions of this section, said rules subject to the approval of the [Phoenix City] Council." Similarly, Code § 2–211(F)(1) allows the PERB to adopt any rule or regulation "necessary to the proper discharge of its responsibilities" provided the Council approves. Pursuant to this authority, the PERB drafted Rule 2.21, the rule in question; the Council approved the rule on November 7, 1978. The rule, known as the "contract bar" rule, provides that a memorandum of understanding[3] precludes an authorized representative election for the shorter of: (1) the term of the memorandum; or (2) three years.

Intervenor Phoenix Law Enforcement Association [PLEA] was the authorized representative for the Phoenix City Police. Appellee Fraternal Order of Police Lodge 2 [FOP] challenged PLEA's status and requested the PERB to order an authorized representative election. All the groups eventually became party to this lawsuit in which the validity of Rule 2.21 arose as a central issue. The trial court found Rule 2.21 invalid as a usurpation of legislative power because its three year election ban conflicted with Code § 2–217's one year ban.

We also find Rule 2.21 invalid but only because the proper procedure was not followed in adopting it. The PERB is an administrative agency. In Arizona, administrative agencies have no common law powers; an agency's authority is circumscribed by the law creating it. *Kendall v. Malcolm,* 98 Ariz. 329, 404 P.2d 414 (1965); *Cox v. Pima County Law Enforcement Merit System Council,* 27 Ariz.App. 494, 556 P.2d 342 (1976). Thus, the PERB's rules can be valid only if they are adopted in accordance with the laws of the City of Phoenix.

■ Both §§ 2–211(F)(1) and 2–217(F) of the Phoenix City Code empower the PERB to adopt rules to supplement the meet and confer ordinance if the city council approves them.[4] The council did approve Rule 2.21. But the council's approval was improper under the Phoenix City Charter.

■ Rule 2.21 is inconsistent with Code § 2–217. The PERB's contract bar rule extends up to three years the one year moratorium on authorized representative elections legislated by the council's election bar rule.

Code § 2–217 is a city ordinance. Sections 15 and 16 of chapter 4 of the Phoenix City Charter allow revision, amendment, or repeal of an ordinance only by the same method used for adoption of ordinances (as prescribed in Phoenix City Charter ch. 4, §§ 8–18).

Rule 2.21 revised, amended, or repealed Code § 2–217(C) and (D). Although the council approved the rule, it did not do so

---

1. Code § 2–212 designates an employee as a member of a specified labor unit based on the nature of the employee's work.

2. The PERB certifies the winner of the election as the authorized representative for the relevant employee unit. Code § 2–217(B). The certified representative is the authorized meet and confer agent for that unit. Code § 2–217(E).

3. A memorandum of understanding may apply to "matters regarding wages, hours and working conditions." Code § 2–215(A).

4. When a legislative body delegates to an administrative agency the authority to supplement legislation with rules, the legislative body must give the administrative agency definite guidelines to follow in exercising that authority. *State Compensation Fund v. De La Fuente,* 18 Ariz.App. 246, 501 P.2d 422 (1972). By reserving final approval of any rule the PERB proposes, the council assured a proper delegation of its legislative power.

by the method prescribed for adopting ordinances.[5] The council is free to abandon the one year election bar of Code § 2–217(C) and (D) in favor of the PERB's three year bar, but it must do so in a manner consistent with the Phoenix City Charter. Therefore, Rule 2.21 is invalid because it was improperly enacted.

The judgment of the trial court declaring invalid § 2.21 of the PERB's Rules and Regulations is affirmed.

HOLOHAN, C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

5. Because the council approved Rule 2.21 by a 7–2 vote, the only serious departure from the ordinance adoption method was in phrasing, recording, and publicizing the rule.