672 P.2d 201

**FUND MANAGER, PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM, Plaintiff/Appellant,**

v.

**TUCSON POLICE PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM BOARD; Public Safety Personnel Retirement System Disability Board of Appeals; and Kurtis A. Jackson, Defendants/Appellees.**

**No. 2 CA–CIV 4704.**

Court of Appeals of Arizona, Division 2.

Nov. 1, 1983.

Snell & Wilmer by Michael P. Anthony and Judy M. Miller, Phoenix, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Sarah A. Bailey, Tucson, for defendant/appellee Personnel Retirement System.

William L. Scholl, Tucson, for defendant/appellee Jackson.

HOWARD, Chief Judge.

## OPINION

This case concerns the appropriate form for review of an administrative decision under the Public Safety Personnel Retirement System Act, A.R.S. § 38–841 et seq., prior to its amendment in 1983. Before reciting the somewhat complicated factual and procedural posture of this case, it would be best to briefly describe the public safety personnel retirement system as it then existed.

Municipal firemen, policemen, employees of the Arizona Highway Patrol and other public safety personnel had a retirement system separate and apart from the other state employees. Since these persons were regularly assigned hazardous duty, a separate system consistent with their needs was created. See A.R.S. § 38–841(B). An employee in this retirement system could receive normal retirement benefits upon completion of a certain number of years' service. A.R.S. § 38–844(A). The system also provided for both a permanent and a temporary disability pension. See A.R.S. §§ 38–844(B) and 38–844(H). An employee terminated for any reason other than death or retirement could receive, upon application, his or her accumulated benefits. A.R.S. § 38–846(A).

The system was administered by a local board. Its powers and duties were found in A.R.S. § 38–847. It decided, inter alia, who was eligible for benefits and the right of an employee to benefits. It could not grant a person benefits if that person was not eligible for them. See A.R.S. § 38–847(E). There was also a disability board of ap-

peals.[1] Prior to repeal, A.R.S. § 38–847.01 stated:

"A. A decision or ruling of a local board *on a disability matter* is subject to appeal only as provided in this section.

B. There is established a disability board of appeals to hear all appeals on a local board's decisions or rulings *concerning disability matters.*

\*     \*     ·\*     \*     \*     \*

D. The fund manager or a member may appeal from a *disability decision or ruling* as provided under this section.

\*     \*     \*     \*     \*     \*

H. The decision of the disability board of appeals is subject to judicial review under Title 12, Ch. 7, Art. 6. . . ." [2] (Emphasis added)

A.R.S. § 38–847(D)(3) provided that the local board had the duty and the power "[t]o make a determination as to the right of any person to a benefit and to afford any person dissatisfied with such determination the right to a hearing thereon."

Subsection G of A.R.S. § 38–847, which also dealt with the powers of the local board, stated, at all times relevant hereto:

" \* \* \* [I]f any person is granted a hearing upon his appeal from any ruling or decision by the board and the board's original determination is affirmed, the applicant may file an appeal with the superior court within thirty days from the receipt by registered mail of the affirmation of such ruling or decision. The superior court shall be in the county where the board is located and the proceedings on the appeal shall be a trial de novo."

The foregoing statutes lead to this conclusion. One could only appeal a decision or ruling of a local board *on a disability matter* first to the disability board of appeals and then to the superior court under the Administrative Review Act. All other appeals could be made directly to the superior court after first having been appealed to the local board itself.

The Act also provided for a fund manager. A.R.S. § 38–848. The fund manager consisted of three members appointed by the governor, and was authorized to "[d]o all acts, whether or not expressly authorized, which may be deemed necessary or proper for the protection of the investments held in the fund." A.R.S. § 38–848(F)(7).

We now go back to the facts of this case. Kurtis Jackson (Jackson) applied to the local board for temporary disability benefits on December 27, 1979, and January 7, 1980. In January 1980 the local board awarded Jackson such benefits, commencing January 1, 1980, for a period of six months. On July 1 Jackson and his counsel attended a meeting of the local board at which Jackson's temporary disability benefits were terminated. Immediately after the meeting of the local board, Jackson and his counsel asked certain members of the local board how Jackson might withdraw his contributions to the system. Jackson and his counsel were told they could request a rehearing before the local board if they desired to appeal, and were informed that Jackson could file an application for withdrawal of his contributions to the system with the local board's secretary, Christine Beckam. They did so and on or about July 16, 1980, Jackson received a refund of his contributions less those payments previously made.

After having withdrawn his funds from the system, Jackson submitted an application for rehearing to the local board on September 22, 1980, seeking a reversal of its decision to terminate his temporary disability benefits. The board conducted a hearing on October 8, 1980, at which time the local board affirmed its earlier decision terminating Jackson's temporary disability benefits.

On November 5, 1980, Jackson appealed the local board's decision terminating his temporary disability benefits to the board of appeals. On February 11, 1981, the board of appeals conducted a hearing.

---

1. The disability board of appeals no longer exists. See A.R.S. § 38–847, effective July 27, 1983.

2. Section 12–901ff, The Administrative Review Act.

Present were Jackson and the administrator for the fund manager. The administrator presented the board of appeals with Jackson's application for withdrawal of his contributions and urged that Jackson was no longer a member of the system and no longer entitled to any benefits under the system. It was, and it still is Jackson's position, that he did not intend to waive any right to benefits by withdrawing his contribution from the fund and was told by a member of the local board that he could do so and if he won the appeal he would just have to refund any monies he had received. The board of appeals specifically ruled that it did not have jurisdiction to decide whether Jackson was a member of the system entitled to benefits under it, but it did conclude that the local board was wrong in denying Jackson a disability pension and that he should be given a permanent one.

Written notification of the board of appeals' action was sent to Jackson and his counsel on February 23, 1981. The local board, after receiving notice of the board of appeals' action, expressed dissatisfaction and confusion concerning the meaning of the decision and concurred with the fund manager's opinion that Jackson was not a member of the retirement system. Then, at the local board's meeting of June 2, 1981, it decided that it was required by the action of the board of appeals to order the fund manager to pay Jackson a permanent accidental disability commencing July 1, 1980. By letter dated June 12, 1981, the local board transmitted such an order to the fund manager.

The fund manager filed a complaint in the Maricopa County Superior Court, Cause No. C–439159, on July 6, 1981, challenging the order of the local board and the action of the board of appeals.

A trial was had on the fund manager's complaint on January 15, 1982, before the Honorable David L. Grounds. By minute entry dated January 25, 1982, Judge Grounds concluded that the fund manager's complaint should be dismissed for lack of jurisdiction, finding that the fund manager did not file a timely appeal from the decision of the board of appeals of February 23, 1981. The trial court also found:

"Plaintiff claims that it has the right to appeal not only the Board of Appeals' decision but the letter order of the local board of June 12, 1981, directing the plaintiff to pay.

If the plaintiff wished to contest the validity of the decision of the Board of Appeals it should have done so by filing a timely appeal with this Court. It did not do so. Assuming, *without deciding,* that the letter order of the local board of June 12, 1981, were [sic] applicable,[3] plaintiff has not exhausted its administrative remedies."[4]

(Emphasis added)

In pursuit of its administrative remedies, as suggested by the order of Judge Grounds, the fund manager, on February 4, 1982, filed a request for rehearing with the local board to obtain an administrative decision whether Jackson was a member of the system entitled to a disability pension. A hearing was held and the local board determined that Jackson continued to be a member of the system, eligible for disability pension, and ordered the fund manager to pay Jackson a permanent disability pension.

On or about April 20, 1982, the fund manager appealed the local board's March 23 decision by filing an appeal with the disability board of appeals and simultaneously filing a complaint in the Pima County Superior Court, Cause No. 201342. The fund sought both judicial and administrative relief simultaneously because it believes that the law is unclear as to the proper form for relief.

In the Pima County Superior Court action the defendants/appellees filed a motion

---

3. Judge Grounds' order uses the word "applicable." The minute entry of January 25, 1982 uses the word "appealable", which makes more sense in the context of the order.

4. The fund manager conceded that it had not filed an appeal from the board of appeals' ruling.

**540**

for summary judgment seeking dismissal of the fund manager's complaint on the grounds that the fund manager had failed to exhaust his administrative remedies (citing the appeal pending before the board of appeals, res judicata, and standing). The trial court granted the motion for summary judgment and the fund moved for a new trial which was denied. It is this granting of the summary judgment which is the subject of this appeal.

There are two issues in this case. (1) Did the disability board of appeals have jurisdiction to decide the eligibility of a person for benefits? (2) Did the judgment entered by Judge Grounds bar relief under the doctrine of res judicata? We hold that the disability board of appeals did not have jurisdiction to decide eligibility matters and that the relief was not barred by the doctrine of res judicata.

We start off with the basic proposition that the powers and duty of an administrative agency are to be measured by the statute creating it. *Fleming v. Pima County,* 125 Ariz. 523, 611 P.2d 110 (App. 1980); *Cox v. Pima County Law Enforcement Merit System Council,* 27 Ariz.App. 494, 556 P.2d 342 (1976). A board or commission which is a creation of a statute created for a special purpose has only limited powers and it can exercise no powers which are not expressly or impliedly granted. *Oracle School District No. 2 v. Mammoth High School District No. 88,* 130 Ariz. 41, 633 P.2d 450 (App.1981).

We turn again to the applicable statute, A.R.S. § 38–847.01. It provided that "[a] decision or ruling of a local board *on a disability matter* is subject to appeal only as provided in this section." (Emphasis added) Furthermore, under subparagraph B of the statute there was established a disability board of appeals which was to hear all appeals on a local board's decisions or rulings "concerning disability matters." Also of importance is subparagraph D which provided that the fund manager or a member may appeal ". . . from a disability decision or ruling as provided under this section." It is clear that by the use of the phrases "on a disability matter", "concerning disability matters", and "from a disability decision or ruling" the legislature did not intend either expressly or impliedly to give the disability board of appeals jurisdiction to hear questions of whether or not a person is eligible for benefits. All the disability board was empowered to decide is whether the local board was correct in determining that the applicant for benefits was or was not disabled under the law, and if so, the nature, extent, cause and type of the disability.

It is equally clear that Judge Grounds did not decide the issue of Jackson's eligibility, but instead found that the fund manager had not exhausted his administrative remedies by asking the local board for a rehearing as is required by A.R.S. § 38–847(D)(3) and (G).

The order granting summary judgment is vacated and set aside and the case is remanded for further proceedings consistent with this opinion.

HATHAWAY and BIRDSALL, JJ., concur.