698 P.2d 213

**Martin CORELLA, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona In and For the COUNTY OF PIMA; Judge Richard N. Roylston, a Judge thereof, Respondents,**

**and**

**Pima Health Plan, Real Party in Interest.**

**No. 2 CA–SA 0176.**

Court of Appeals of Arizona, Division 2.

Jan. 25, 1985.

Haralson, Kinerk & Morey, P.C. by Paul A. Smith and Carter Morey, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Michael D. Alfred, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

Petitioner brought this special action from the trial court's denial of his motion for summary judgment. Because we believe the trial court acted in excess of its jurisdiction, and because our disposition would effectively terminate the instant litigation, we assume jurisdiction and grant relief.

Petitioner was involved in a traffic collision on July 7, 1983, and admitted to Kino Community Hospital. He was eventually discharged on October 1, 1983, and on October 27, Pima Health Plan verified and filed a notice of lien with the county recorder and mailed copies both to the claims adjuster for State Farm Insurance Company, the carrier for the driver of the other vehicle in the accident, and to counsel for petitioner. The lien was for costs incurred in the treatment of petitioner's injuries, totaling $36,972.65. On March 15, 1984, State Farm filed an interpleader action for the $25,000 policy limit of their insured's coverage, naming petitioner and Pima Health Plan as co-defendants. Petitioner, on June 5, 1984, filed a cross-claim against Pima Health Plan. Petitioner moved for summary judgment against Pima Health Plan. After argument, the respondent court filed a minute entry denying petitioner's motion for summary judgment.

The only way the trial court could have been correct in denying the motion for summary judgment is if Pima Health Plan had a valid, perfected lien on the policy limits. Pima Health Plan claims a statutory lien pursuant to AHCCS Rules and Regulations R–9–22–712, Access Policies and Procedures 1.6.6.0–1.6.6.7 and A.R.S. § 36–2903. The pertinent portion of the Access act at the time Pima Health Plan purported to create the lien was A.R.S. § 36–2903(E), which reads:

"E. Except for reinsurance obtained by providers, the administrator shall coordinate benefits provided under this chapter to any eligible person who is covered by worker's compensation, disability insurance, a hospital and medical service corporation, a health care services organization or other health or medical or disability insurance plan, or who receives payments for accident-related injuries, so that any costs for hospitalization and medical care paid by the system are recovered from any other available third party payors. The administrator may require that providers and nonproviders are responsible for the coordination of benefits for services provided under this chapter. Requirements for coordination of benefits by nonproviders under this section shall be limited to coordination with standard health insurance and disability insurance policies and similar programs for health coverage. The system shall act as a payor of last resort for persons defined as eligible pursuant to § 36–2901, paragraph 4, subdivision (a), (b) or (c) unless specifically prohibited by federal law. The director may require eligible persons to assign to the system rights to all types of medical benefits to which the person is entitled, including but not limited to first party medical benefits under automobile insurance policies. The state has a right to subrogation against any other person or firm to enforce the assignment of medical benefits. The provisions of this subsection are controlling over the provisions of any insurance policy which provides benefits to an eligible person if the policy is inconsistent with the provisions of this subsection."

The statute makes no mention of any assignment of liability coverage but rather is expressly limited to medical benefits. All the administrator is authorized to do is to coordinate benefits payable to an injured eligible person from third parties. He is not authorized by this statute to create a lien.

■ Pima Health Plan relies on Access policy 1.6.6.1–1.6.6.7. However, administrative powers are limited to those granted by a constitution or statute. *Fleming v. Pima County*, 125 Ariz. 523, 611 P.2d 110 (App.1980). No administrative agency can give itself powers not expressly granted it by legislation. *Cox v. Pima County Law Enforcement Merit System Council*, 27 Ariz.App. 494, 556 P.2d 342 (1976). Therefore, any Access rules or regulations which purport to give Pima Health Plan a lien on liability coverage is of no effect. In *Riffe Petroleum Co. v. Great National Corp., Inc.*, 614 P.2d 576 (Okla.1980), the court found that a lien not provided for by clear language of a statute cannot be created by judicial fiat, and "neither may a lien be created out of a sense of fairness if the terms of the statutory lien are found too narrow and have not been met." 614 P.2d at 579. Arizona has always followed this precept. *Murphey v. Brown*, 12 Ariz. 268, 100 P. 801 (1909).

The respondent Pima Health Plan maintains that while A.R.S. § 36–2903 as originally enacted did not specifically authorize a lien upon funds such as those at issue here, it was obviously the intent of the legislature that such funds be used to reimburse the Access fund pool. Pima Health Plan points out that in 1984 the legislature amended the Access statutes, adding A.R.S. § 36–2915, which specifically provides for the lien which was attempted here. Laws 1984, Ch. 372, § 21. That statute was effective May 5, 1984, subsequent to the filing of the lien in this case on October 27, 1983. Nothing in this new statute shows that the legislature intended it to apply retroactively, and we think the addition of the statute adds credence to petitioner's contention that prior to this Pima Health Plan was not entitled to enforce a lien.

■ Even if the legislative intent in passing the Access program was to give the administrator broad authority, see A.R.S. § 36–2903, the legislature could not

have granted the respondent the ability to create statutory liens since this would be an unconstitutional delegation of the power to make law. See *State v. Marana Plantations*, 75 Ariz. 111, 252 P.2d 87 (1953). Therein, our supreme court stated:

"We think that the attempt by the legislature to make it the duty of the board to 'formulate general policies effecting the public health' and to give the board unrestrained power to regulate sanitation and sanitary practices and promote public health and prevent disability and mortality is a constitutional relinquishment of its legislative power and to such extent is violative of constitutional principles, ..." 75 Ariz. at 115, 252 P.2d at 90.

At the time this claim arose, Pima Health Plan could only have had petitioner "assign" medical pay benefits. Instead of doing so, it verified and filed the lien which it did not have the authority to do. Therefore, Pima Health Plan is not entitled to any of the impleaded fund, and the respondent court acted in excess of its authority in denying petitioner's motion for summary judgment. The order denying the motion is vacated and the respondent court is ordered to grant the motion.

BIRDSALL, C.J., and HOWARD, J., concur.