908 · P.2d 1092

**Michael J. WICKS, Plaintiff–Appellant,**

**v.**

**MOTOR VEHICLE DIVISION, DEPART-
MENT OF TRANSPORTATION, STATE
OF ARIZONA, Defendant–Appellee.**

**No. 1 CA–CV 94–0371.**

Court of Appeals of Arizona,
Division 1, Department E.

Dec. 28, 1995.

Grant Woods, Attorney General by Richard Kamps, Assistant Attorney General, Phoenix, for Defendant–Appellee.

Michael J. Wicks, Phoenix, In Pro. Per.

OPINION

McGREGOR, Presiding Judge.

The issue raised in this appeal is whether the Motor Vehicle Division of the Arizona Department of Transportation (MVD) may suspend a driver's license pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 28–692.01 after the driver has served part of a license suspension imposed pursuant to A.R.S. section 28–694. We hold that unambiguous statutory language prevents the second suspension and therefore reverse.

## I.

On October 13, 1990, a Phoenix police officer arrested appellant for driving while intoxicated in violation of A.R.S. section 28–692. A breathalyzer test administered by the arresting officer revealed that appellant's blood alcohol concentration exceeded .10.

As mandated by A.R.S. section 28–694, MVD suspended appellant's driver's license for thirty days and restricted his license for sixty days.[1] MVD then postponed the effec-

---

1. A.R.S. § 28–694.B provides that, when a driver's blood alcohol concentration exceeds .10, MVD must suspend the driver's license for thirty consecutive days and restrict the license for an additional sixty consecutive days, during which time the driver may travel only between designated destinations.

tive date of this "section 28–694 suspension" because appellant requested an administrative hearing. *See* A.R.S. § 28–694.D. Following the hearing on December 13, 1990, MVD affirmed the suspension, denied appellant's subsequent request for a rehearing, and ordered the section 28–694 suspension to begin on February 13, 1991.

On February 12, 1991, appellant challenged the administrative order in the superior court (the superior court action), arguing that the arresting officer administered the breath test improperly, thereby rendering the results inadmissible. On March 1, 1991, the superior court stayed appellant's section 28–694 suspension pending the appeal. In its order, the court also restricted appellant's license throughout the stay by limiting him to driving to and from work.[2]

Concurrent with MVD's administrative process, the state criminally charged appellant with driving under the influence of alcohol. *See* A.R.S. §§ 28–692.A.1–.A.2. The municipal court initially dismissed the criminal charges but reinstated them on March 27, 1991. On May 11, 1991, appellant submitted an affidavit in the superior court action, stating that the municipal court had dismissed all criminal charges; the affidavit did not disclose that the court subsequently had reinstated the charges. Relying on appellant's affidavit, the state agreed that the superior court should terminate the section 28–694 suspension. Accordingly, on May 23, 1991, the superior court ordered the section 28–694 suspension terminated and further ordered that the restrictions placed on appellant's license by the court's March 1, 1991 order be terminated.[3]

On August 3, 1993, the municipal court convicted and sentenced appellant for his October 1990 violation of A.R.S. section 28–692.[4] On August 23, 1993, MVD suspended appellant's license pursuant to section 28–692.01, which provides:

> *Unless the license of a person sentenced under ... this section has been or is suspended pursuant to § 28–691 or 28–694 ... the department shall suspend the driving privileges of the person for a period of not less than thirty consecutive days and restrict the driving privileges of the person for a period of not less than sixty consecutive additional days to travel between the person's place of employment and residence and during specified periods of time while at employment....*

A.R.S. § 28–692.01.K (emphasis added).

Appellant then brought this action in superior court to challenge the "section 28–692.01 suspension." He argued that, because MVD previously had suspended his license pursuant to section 28–694, the agency lacked authority to impose the section 28–692.01 suspension. Alternatively, appellant argued that MVD's actions constituted double jeopardy and violated his right to procedural due process and equal protection. The superior court upheld the suspension and entered a stay pending this appeal. This court has jurisdiction pursuant to A.R.S. section 12–2101.

## II.

The dispositive issue is whether Arizona's statutes give MVD authority to impose a section 28–692.01 suspension when MVD has earlier imposed a section 28–694 suspension that has not been fully served.

Resolution of this issue depends upon the statutes giving MVD authority to suspend a driver's license. An administrative agency may not act without express statutory authority. *See Corella v. Superior Court*, 144 Ariz. 418, 420, 698 P.2d 213, 215 (App.1985). In interpreting a statute, this

---

**2.** Although the court's order imposed a period of limited driving identical to the sixty days of restricted driving required by the MVD § 28–694 suspension, the parties agree, and the court's minute entry makes clear, that the court did not intend that the restriction it imposed would satisfy the statutory suspension requirements.

**3.** At this point, appellant's license had been revoked for sixteen days pursuant to the MVD § 28–694 suspension and had been restricted for an additional eighty-three days under the superior court's March 1, 1991 stay order.

**4.** After an unsuccessful appeal, appellant paid his fine and attended a sobriety course in accordance with his sentence.

court looks first to the statutory language to determine the legislative intent. *E.g., Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz. 309, 311, 823 P.2d 1317, 1319 (App.1991). "If the language is plain and unambiguous, then no construction is necessary and our duty is simply to apply that plain and unambiguous language." *Id.*

■ Section 28–692.01 specifically limits MVD's authority to impose a suspension under that statute by permitting suspension *unless* "the license ... has been or is suspended pursuant to § 28–691 or 28–694...." A.R.S. § 28–692.01.K. MVD does not dispute that it suspended appellant's license "pursuant to section 28–694" following his October 1990 violation. The clear statutory language thus precluded MVD from imposing the section 28–692.01 suspension, and this court's duty is to apply that clear statutory language.

MVD argues, however, that the statutory language does not apply here because the superior court effectively "voided" the section 28–694 suspension in its order terminating the suspension, thereby allowing MVD to proceed under section 28–692.01. The problem with MVD's argument is that the court did not void the suspension; it terminated the suspension. Moreover, even if the court's March 1991 order had "voided" the suspension, appellant had already served sixteen days of the suspension before the court imposed the stay. Under any view of the facts, therefore, appellant's license "ha[d] been suspended pursuant to section 28–694," and the statute provided no authority to MVD to suspend appellant's license under section 28–692.01.

MVD also argues that this statutory construction contravenes the legislative intent, which MVD asserts was to provide a method

by which MVD can ensure that a person convicted of driving while intoxicated serves a full thirty days without driving privileges followed by sixty days of restricted driving. MVD asserts that, if it cannot suspend appellant's license pursuant to section 28–692.01, appellant will escape serving the entire suspension period mandated by section 28–694 due to a procedural technicality.

■ MVD must address that argument to the legislature, not to this court. This court's duty is to apply unambiguous statutory language as written. *Chaparral*, 170 Ariz. at 311, 823 P.2d at 1319. As noted above, section 28–692.01 unambiguously precludes MVD from suspending the license of a driver whose license already has been suspended under section 28–694 without regard to whether the driver served the full section 28–694 suspension. If the legislature had intended section 28–692.01 to serve as an additional mechanism to suspend the licenses of drivers who avoid a portion of their suspension under section 28–694, it would have used language clearly reflecting that intent. *See State v. Korzep*, 165 Ariz. 490, 494, 799 P.2d 831, 835 (1990).[5]

### III.

For the reasons stated above, we reverse the superior court's judgment.

EHRLICH and KLEINSCHMIDT, JJ., concur.

---

**5.** In interpreting a statute, this court construes statutory language narrowly to avoid constitutional difficulties. *E.g., Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 872 P.2d 668 (1994). Because we have resolved this case as a matter of statutory interpretation, we do not reach appellant's constitutional arguments of double jeopardy, equal protection, and procedural due process.