21 P.3d 409

**In re RUSSELL M.**

**No. 2 CA–JV 00–0086.**

Court of Appeals of Arizona,
Division 2, Department A.

April 5, 2001.

24

Chris M. Roll, Cochise County Attorney, by James E. Sherman, Bisbee, for State.

Margaret L. MacCartney, Cochise County Legal Defender, by Julie A McDonald, Bisbee, for Minor.

*OPINION*

PELANDER, J.

¶1    In this appeal the minor, born November 14, 1983, questions whether A.R.S. § 8–341(D) compelled the juvenile court to place him on juvenile intensive probation (JIPS) following his second felony adjudication. We affirm.

¶2    On July 18, 2000, the minor was placed on twelve months' formal, supervised probation after he was adjudicated delinquent for possessing drug paraphernalia in violation of A.R.S. § 13–3415(A), a class six felony committed in March 2000. A second delinquency petition filed on July 27 alleged the minor had also possessed drug paraphernalia in April. After the court denied his motion to suppress evidence, the minor admitted the allegation of the second petition and was again adjudicated delinquent. His October 30 disposition hearing on the second petition was consolidated with the minor's adjudication hearing on a third petition alleging misdemeanor consumption of spirituous liquor on July 1. Pursuant to § 8–341(D), the juvenile court placed the minor on seven months' JIPS for the second felony adjudication.[1]

¶3    Defense counsel argued at disposition that placing the minor on JIPS was unwarranted because he had been doing well on standard probation since July, and the April 13 offense charged in the second petition had preceded both the first delinquency petition filed in May and the first disposition hearing

---

1. Also on October 30, the minor admitted the misdemeanor alcohol-consumption offense, and the court imposed a $100 fine.

at which he was placed on probation. The juvenile court agreed that continuing the minor on "formal supervised probation" would have been sufficient but believed it had no discretion under § 8–341(D) to impose anything other than JIPS or confinement. We concur.

¶ 4  Section 8–341(D) provides:

If a juvenile is fourteen years of age or older and is adjudicated as a repeat felony juvenile offender, the juvenile court *shall place the juvenile on juvenile intensive probation,* which may include home arrest and electronic monitoring, *may* place the juvenile on juvenile intensive probation, which may include incarceration for a period of time in a juvenile detention center, or may commit the juvenile to the department of juvenile corrections pursuant to subsection A, paragraph 1, subdivision (e) of this section for a significant period of time.

(Emphasis added.)  In construing any statute, we look first to the statutory language. "[I]f the language is plain and unambiguous, we will apply it without resorting to other rules of construction." *Arizona Dep't of Econ. Sec. v. Superior Court,* 186 Ariz. 405, 408, 923 P.2d 871, 874 (App.1996); *see also State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992).  In the absence of ambiguity, "our duty is simply to apply that plain and unambiguous language." *Chaparral Dev. v. RMED Int'l, Inc.,* 170 Ariz. 309, 311, 823 P.2d 1317, 1319 (App.1991); *see also Wicks v. Motor Vehicle Div.,* 184 Ariz. 307, 309, 908 P.2d 1092, 1094 (App.1995).

¶ 5  Despite the somewhat clumsy wording of § 8–341(D), we believe its meaning is clear: at a minimum, the juvenile court must place a repeat felony juvenile offender on JIPS. In its discretion, the court may additionally order home arrest, electronic monitoring, or a period of incarceration in a juvenile detention center as conditions of the minor's intensive probation. Alternatively, it may commit the minor to the department of juvenile corrections if warranted. Thus, although the juvenile court may impose sanctions more restrictive than intensive probation supervision, it may impose nothing less.

¶ 6  Our reading of § 8–341(D) is further supported by the wording of the written notice the juvenile court is required to give a first-time felony juvenile offender. Section 8–341(C) provides:

C.  If a juvenile is adjudicated as a first time felony juvenile offender, the court shall provide the following written notice to the juvenile:

You have been adjudicated a first time felony juvenile offender.  You are now on notice that if you are adjudicated of another offense that would be a felony offense if committed by an adult and if you commit the other offense when you are fourteen years of age or older, you will be placed on juvenile intensive probation, which may include home arrest and electronic monitoring, or you may be placed on juvenile intensive probation and may be incarcerated for a period of time in a juvenile detention center, or you may be committed to the department of juvenile corrections or you may be prosecuted as an adult.  If you are convicted as an adult of a felony offense and you commit any other offense, you will be prosecuted as an adult.

¶ 7  Under the plain language of § 8–341(C) and (D), the juvenile court's options were either to place the minor on JIPS or commit him to the department of juvenile corrections.  Although the juvenile court stated that it would have preferred to leave the minor on standard probation, the court correctly understood it was not at liberty to do so under the statute.  The court did, however, impose only a seven-month term of intensive probation, which the minor could complete before his anticipated graduation from high school and enlistment in the Marine Corps.  In addition, the juvenile court elected to treat the second felony as an open-ended offense pursuant to A.R.S. § 13–702(G) and told the minor that if he successfully completes his intensive probation, the offense will be designated a misdemeanor rather than a felony.

¶ 8  Citing the wording of the statute before it was amended in 1997, the minor suggests the history of § 8–341(D) reflects a legislative intent to "allow[ ] the Judge to either place repeat felony offenders on inten-

sive probation or incarcerate them for a period of time, instead of placing them on intensive probation." We do not disagree. Both the previous[2] and current versions of the statute permit the court to impose the more restrictive sanction of confinement, either in a detention center or the department of juvenile corrections, in the court's discretion. Neither version, however, allows the court to impose consequences any less onerous than JIPS.

¶ 9 The juvenile court complied with the clear directive of § 8–341(D) by placing the minor on JIPS for seven months. The juvenile court's orders of adjudication and disposition are affirmed.

BRAMMER, P.J., and FLÓREZ, J., concur.

2. Before its amendment In 1997, § 8–341(D) had read:

> If a juvenile is fourteen years of age or older and is adjudicated as a repeat felony juvenile offender, the juvenile court shall place the juvenile on juvenile intensive probation or commit the juvenile to a juvenile detention center or the department of juvenile corrections pursuant to subsection A, paragraph 2, subdivision (e) of this section for a significant period of time.

1997 Ariz.Sess.Laws, 2d Spec. Sess., ch. 4, § 16.